UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                      :

WAVEFORM TELEMEDIA, INC.,        :
                                        :     <u>REPORT AND RECOMMENDATION</u>
           Petitioner,      :
                                        :
    -against-               :     06 Civ. 5270 (CM)(MDF)
                                        :
PANORAMA WEATHER NORTH AMERICA,  :
INC.,                                :
                                        :
           Respondent.      :
-----------------------------------X

-----------------------------------X
                                        :
WAVEFORM TELEMEDIA, INC.        :
                                        :
           Petitioner,      :
                                        :
    -against-               :     06 Civ. 5271 (CM)(MDF)
                                        :
SITOUR, NORTH AMERICA d/b/a     :
SITOUR U.S.A., and RECREATION   :
RESORT NETWORK, INC.,        :
                                        :
           Respondents.     :
                                        :
-----------------------------------X

TO: THE HONORABLE COLLEEN McMAHON, U.S.D.J.

     In these two related cases, Petitioner Waveform Telemedia,

Inc. ("Waveform") seeks to confirm an arbitration award entered

on March 28, 2006 against each of the Respondents.  In the first

action, Panorama Weather North America, Inc. ("Panorama") has not

opposed Waveform's petition.  Respondents in the second action,

Sitour North America ("Sitour") and Recreation Resort Network,

1

Inc. ("RRN") (collectively referred to as the "Respondents"), oppose Waveform's petition and have filed a cross-petition to vacate the March 28, 2006 arbitration award.  For the following reasons, it is respectfully recommended that your Honor: (1) DENY the Respondents' cross-petition to vacate the March 28, 2006 arbitration award; (2) GRANT both of Waveform's petitions to confirm the March 28, 2006 award in part; and (3) confirm the March 28, 2006 as amended by the arbitrator's May 11, 2006 decision and enter judgment accordingly.

### BACKGROUND

In August 1999, Waveform entered into two contracts with RRN pursuant to which Waveform agreed to broadcast, in its Aspen, Colorado and Vail, Colorado markets, programs and advertisements provided by RRN.  *See* Waveform Pet. at ¶ 6, Ex. A; Affirmation in Opposition and Cross-Petition to Vacate Arbitration Award ("Respondents' Aff.") at ¶¶ 4-5.  In each contract, the parties agreed to resolve any disputes through arbitration.  *See* Waveform Pet. at Ex. A (August 11, 1999 Agreement); Respondents' Aff. at ¶ 6.  The agreements also included the following forum selection clause:

> This agreement shall be subject to the jurisdiction of the courts in the State of New York.  Any action or suit under this agreement may be brought forward to any federal or state court situated therein with jurisdiction over the subject matter, in case a dispute cannot be solved by arbitration . . . .

Waveform Pet. at Ex. A.

2

In March 2001, Waveform commenced an action in Colorado state court against several defendants, including Panorama, Sitour, and RRN.  *See id*. at ¶ 7.  After the defendants removed the action to the United States District Court for the District of Colorado, the district court dismissed the action on the ground that all of the claims were subject to arbitration under the terms of the August 1999 agreements.  *See id*. at Ex. C (Order of Dismissal).

The parties submitted to arbitration before National Arbitration and Mediation ("NAM").  *See id*. at Ex. D (Dispute Resolution Agreement).  The Dispute Resolution Agreement between the parties incorporated the NAM Rules of Procedure (the "NAM Rules") and provided that the arbitration would be governed by such rules.  *See id*.  Rule 14(a) of the NAM Rules provides, in relevant part:

> The decision of the hearing officer(s) shall be final and binding and a judgment may be entered for its enforcement in a public court pursuant to the rules of the relevant jurisdiction for enforcement of arbitral awards.  No application shall be made to NAM or the Hearing Officer, absent all parties consent, for reconsideration or review of an arbitration award, except with regard to mathematical errors.

*Id*.

The arbitration proceedings were held in November 2005 before the Honorable John M. Perone, Retired Justice, Supreme Court, Westchester County, New York.  On March 28, 2006, Judge Perone entered a judgment awarding Waveform $424,818 against the

3

Respondents, jointly and severally.  *See id*. at Ex. E (March 28, 2006 Decision).  The award included damages in the amount of $147,200 for the amount unpaid on the contracts, interest in the amount of $66,240, and $181,138 in expenses paid by Waveform.[1]  *See id*.  In determining the amount of expenses owed to Waveform, the arbitrator used the figure testified to by Waveform, $363,619, and subtracted $212,481, the expenses that would have been incurred by Waveform even if the contracts had not been executed.  *See id*.  Due to Waveform's failure to mitigate its damages, the arbitrator declined to award punitive damages, anticipated profit damages, attorney's fees and costs.  *See id*.  The arbitrator also granted Waveform's motion to pierce the corporate veil and hold Sitour directly liable for the damages.  *See id*.  The arbitrator concluded that RRN was an alter ego of Sitour and directed that, if there were insufficient funds to pay the damages assessed against RRN, then Sitour would have a judgment assessed against it for any all amounts of the judgment that RRN fails to or cannot pay.  *See id*.  Finally, with respect to Panorama, the arbitrator found that, because it failed to appear, Panorama was in default; and, therefore, awarded a judgment against it in the same amount that had been awarded

---

[1]  Adding these three categories of damages together does not equal the total amount awarded to Waveform.  The total is $394,578, not $424,818.  Neither Waveform nor the Respondents have addressed this error.

4

against Sitour and RRN.

On April 26, 2006, the Respondents, citing NAM Rule 14 and section 7511(c)(1) of the New York Civil Practice Law and Rules, made an Application for Modification of Award by Arbitrator.  *See* Respondents' Aff. at Ex. 5.  Respondent raised two grounds: (1) the arbitrator only included the $72,000 annual salary of Sequoia Sun and not the $72,000 annual salary of John Masters as a pre-existing expense of Waveform in calculating damages; and (2) the arbitrator improperly pierced the corporate veil of RRN under New York law because he never found that the domination of RRN by Sitour was used to commit a fraud or wrong against Waveform.  *See id*.  Waveform opposed the Respondents' application, arguing that, under NAM Rule 14, the award could only be reviewed by the arbitrator with the consent of both parties.  *See* Waveform Reply Aff. at Ex. B.

In a May 11, 2006 decision, the arbitrator granted the Respondents' application, but only to the extent that it sought review of the damages calculation.  *See* Respondents' Aff. at Ex. 6.  The arbitrator declined to review his decision to pierce the corporate veil because Waveform did not consent to reconsideration of the award.  *See id*.  The arbitrator, however, found that "there was indeed a $72,000 mathematical error in the final tabulation of the damages awarded to [Waveform]" and that it was within his authority to modify the award.  *Id*.  Based on

"a review of all of the testimony held at the hearing of the parties, a review of the questions posed by the Arbitrator and answers given by the parties concerning the two salaries as pre-existing expenses, and based upon the tenor of the Arbitrator's Decision in finding pre-existing expenses are to be credited against the judgment obtained by [Waveform]," the arbitrator held that an additional $72,000 should be subtracted from the final award granted to Waveform. *Id.*

On May 12, 2006, the day after the arbitrator's decision modifying the award, Waveform commenced an action in the district court for the District of Colorado, seeking to confirm and enter judgment on the arbitrator's May 28, 2006 award. *See id.* at Ex. 7. The court denied Waveform's motion to confirm the arbitration award and enter judgment, holding that it lacked jurisdiction to consider the motion. *See id.* at Ex. 8.

On July 13, 2006, the Respondents filed a petition to vacate the March 28, 2006 arbitration award, pursuant to C.P.L.R. § 7511, in New York State Supreme Court, Ulster County. *See id.* at Ex. 9. Waveform indicates that the Respondents served the petition on July 20, 2006. *See* Waveform's Reply Memo. of Law at 4. According to the parties, this petition remains pending.

On July 12, 2006, Waveform filed the instant two petitions to confirm the March 28, 2006 award in this Court. In both actions, Waveform argues that: (1) the Court has subject matter

jurisdiction over the petition based on diversity of citizenship;
(2) the petition to confirm the award is governed by the FAA; (3)
venue is proper in the Southern District of New York because the
arbitration took place in Westchester County, New York; and (4)
the March 28, 2006 award should be confirmed because no proper or
timely application to vacate, modify, or correct the award under
sections 10 or 11 of the FAA has been made. *See* Waveform's Memo.
of Law.  In its initial papers, Waveform makes no mention of the
arbitrator's May 11, 2006 modified award.

In their opposition papers and in support of their cross-
petition to vacate the award, the Respondents argue that: (1)
this Court lacks subject matter jurisdiction under the FAA
because the parties did not agree in the underlying contracts
that an arbitration award could be confirmed under that statute;
(2) because there is an action concerning the arbitration award
pending in New York state court, this Court should decline to
consider Waveform's petition; (3) if the Court decides to
proceed, Waveform's petition to confirm the March 28, 2006 award
should be denied and the award should be vacated because the
arbitrator manifestly disregarded the law regarding corporate
veil piercing; (4) the arbitrator's modification to the March 28,
2006 award was proper under the FAA because it merely corrected a
mathematical error in the damages calculation; and (5) there
should be no entry of judgment against Sitour because Waveform

7

has not satisfied the condition precedent to the entry of
judgment – a showing of RRN's inability to satisfy the judgment.
*See* Respondents' Memo. of Law.

In its reply papers, Waveform maintains that the FAA is the
controlling law and applies to the instant cases because, in the
Dispute Resolution Agreement, the parties expressly agreed that
the award would be final and that it could be enforced in a
public court pursuant to the rules of the relevant jurisdiction
for enforcement of such awards. *See* Waveform's Reply Memo. of
Law and 2-3. It argues that "[t]he FAA controls to the extent
that the parties did not specifically agree that the FAA does not
control." *Id*. at 3. It next asserts that neither this Court nor
the state court where Respondents' other petition to vacate the
March 28, 2006 award is pending has jurisdiction to consider the
petitions because they were not timely made under the FAA. *See
id*. at 4-5. Waveform further argues that Judge Perone did not
manifestly disregard the law on corporate veil piercing. *See id*.
at 5-7. Finally, Waveform asserts that the arbitrator's May 11,
2006 amended award is a legal nullity, as no grounds existed to
modify the award under the FAA. *See id*. at 7-10. It argues that
the arbitrator did not merely correct a mathematical error,
rather, he "reevaluated testimony and documentary evidence and
made substantive changes to the award based on the reevaluation
as well as further legal research." *Id*. at 8. This, Waveform

8

contends, constitutes "another determination of the merits of the underlying controversy." *Id*. at 9.

## ANALYSIS

I.      **Applicability of the Federal Arbitration Act**

The FAA is applicable if a contract concerns a transaction involving interstate commerce. *See Varley v. Tarrytown Assocs., Inc.*, 477 F.2d 208, 209 (2d Cir. 1973). The statute, however, does not create an independent basis for jurisdiction; diversity of citizenship or a federal question is necessary to establish federal jurisdiction. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n.32 (1983). Here, it is undisputed that the underlying contracts involve interstate commerce and that the parties are diverse. Hence, jurisdiction properly lies in this Court and the FAA applies.

This Court, however, cannot confirm the arbitration award under the FAA unless the parties have agreed to the entry of judgment by a federal court. Section 9 of the FAA provides, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this

title.

9 U.S.C. § 9.  In *I/S Stavborg v. Nat'l Metal Converters, Inc.*, the Second Circuit explained that "[o]ne purpose of this provision is to ensure that the parties have affirmatively agreed to the application of the federal substantive law contemplated by the [FAA] to the interpretation of the arbitration agreement into which they have entered."  500 F.2d 424, 426 (2d Cir. 1974). Noting that it has never held that consent must be explicit within the arbitration clause itself or even in some document incorporated therein by reference, the Court held that, where the arbitration clause indicated that the arbitrators' decision would be final, the substantive law to be applied to interpretation of the contract itself was federal maritime law, and where the parties had previously invoked the power of the federal court to secure the arbitrator and the appellant had sought vacatur of the arbitration award in federal court, the district court properly exercised jurisdiction over the petition to confirm the award. *See id*. at 426-27.  The Court concluded that, although the parties did not expressly consent, the language of the arbitration clause coupled with the parties' conduct amounted to consent to the entry of judgment by a federal court.  *See id*.

Here, the arbitration clause in the underlying contracts does not contain a finality clause.  However, Rule 14 of the NAM Rules of Procedure, which were incorporated by reference into the

10

Dispute Resolution Agreement entered into by the parties, includes such a provision.  *See* Waveform Pet. at Ex. D.  From this, the Court can find that the parties agreed that the arbitration award would be final.  *See Paley Assocs., Inc. v. Universal Woolens, Inc.*, 446 F.Supp. 212, 241 (S.D.N.Y. 1978)(holding that the parties agreed to the entry of judgment in federal court by incorporating into the arbitration agreement the rules of the American Arbitration Association, which provided for the entry of judgment in federal or state court).  Although Rule 14 of the NAM Rules of Procedure does not specify that judgment may be entered in federal court, other factors support a finding that the parties intended for judgment to be entered in federal court pursuant to the FAA.  First, there is diversity of citizenship.  In *Home Ins. Co. v. RHA/Pennsylvania Nursing Homes*, this Court held that, although the substantive law governing the underlying dispute was state rather than federal, where the arbitration agreement included a finality clause and the parties were of diverse citizenship, "the parties implicitly agreed to the entry of judgment on any arbitration award and that such a judgment might be sought in federal court."  127 F.Supp.2d 482, 485 (S.D.N.Y. 2001).  The Court reasoned that, given their diversity, the parties "must have contracted with reference to the availability of a federal forum for enforcement of any award."  *Id*.  Second, the underlying contract includes a forum

11

selection clause that states that any dispute arising from the contract may be brought in any federal or state court of New York. *See* Waveform Pet. at Ex. A. Finally, the Respondents, who now challenge the applicability of the FAA and this Court's jurisdiction, previously invoked the jurisdiction of the federal court when it removed the action Waveform had brought in the Colorado state court in March 2001. Such conduct coupled with the agreement that any arbitration award would be final amounts to consent by the parties to the entry of judgment in federal court.

II.      **Effect of Pending State Court Proceeding on Waveform's Action Against the Respondents in this Court**

The Respondents argue that, because they have a petition to vacate the March 28, 2006 award pending in state court, this Court should not proceed on Waveform's application. Under the circumstances, however, this Court need not defer ruling on Waveform's petitions.

First, according to Waveform, it has not yet been served with the Respondents' state court application. Thus, it may be that the state court has not yet acquired personal jurisdiction over Waveform. Second, the record reveals that the Respondents did not commence the state court action until after Waveform commenced the instant case. Given that the jurisdiction of this Court was invoked before that of the state court, it is within this Court's discretion to proceed on Waveform's petition while

12

an action is pending in the state court concerning the same arbitration award.  *See Cocotos Steamship of Panama, S.A. v. Hugo Neu Corp.*, 178 F.Supp. 491, 493 (S.D.N.Y. 1959)(explaining that, where there are FAA actions pending in both state and federal court arising out of the same arbitration award, "[p]riority . . . should be accorded to the court whose jurisdiction was so initially invoked"); *Ilios v. Shipping and Trading Corp. v. American Anthracite & Bituminous Coal Corp.*, 148 F.Supp. 698, 699 (1957)(holding that district court had jurisdiction to consider motion to confirm arbitration award notwithstanding that there was a motion pending before a state court to vacate award).  Moreover, even if the state had assumed jurisdiction over the matter before this Court, it would still be within this Court's discretion to go forward with Waveform's petition.  *See Ballantine Books, Inc. v. Capital Distributing Co.*, 302 F.2d 17, 19-20 (2d Cir. 1962).  Accordingly, I recommend that the Respondents' request for this Court to abstain from considering Waveform's petition be denied.

**III.       Timeliness of Respondents' Cross-Petition to Vacate the March 28, 2006 Award**

The FAA states that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  There are no exceptions to this rule.  Indeed, a party's "failure to move to vacate [an

13

arbitration] award within the three month time [limit] precludes him from later seeking that relief when a motion is made to confirm the award." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984).  In *Florasynth*, the Court explained that, while Congress modeled the FAA after New York's arbitration legislation, it did not adopt the New York exception to the three month time limit, which permits a party to oppose a motion to confirm with a motion to vacate even after three months have passed.  *See id*. at 175-76.  The Court further explained that "there is no common law exception to the three month limitations period on the motion to vacate."  *Id*. at 175.

In the instant case, the Respondents indicated in their application to the Ulster County Court that they received Judge Perone's first award on April 17, 2006.  *See* Respondents' Aff. at Ex. 9.  They served the instant cross-petition to vacate on Waveform on July 20, 2006, more than three months after receiving the March 28, 2006 award.  In a letter submitted to the undersigned after oral argument, the Respondents assert that their cross-petition is timely because it was delivered within 90 days of the delivery of Judge Perone's second award.  *See* Letter to Court dated 10/30/06.  In making this argument, the Respondents rely on cases that apply the New York statute of limitations for motions to vacate.  Here, however, we must apply the FAA's statute of limitations, as there is no choice of law

14

provision in the underlying contracts or the Dispute Resolution Agreement and, as discussed above, the FAA may be properly applied.  Accordingly, because there is no basis under the FAA for tolling the limitations period due to the Respondents' application for modification of the award to the arbitrator, the cross-petition is untimely and should be dismissed by this Court.[2]

## IV.   Whether Judge Perone's March 28, 2006 Award Should be Confirmed

Section 9 of the FAA governs judicial confirmation of arbitration awards.  It states, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the

---

[2]  At oral argument before the undersigned on October 27, 2006, the Respondents sought to cure their time-bar problem by indicating their desire to have both of Judge Perone's awards vacated.  Counsel stated, "[W]e don't know which way the Court is going to go.  And whether they confirm or – you know, which decision the Court's going to address.  So we want to vacate both awards just to be on the safe side and so we don't run afoul in time constraints about that application to vacate."  Oral Argument Trans. at 9-10.  The Respondents' primary basis for seeking vacatur of the award is the arbitrator's decision to pierce the corporate veil and hold Sitour liable.  This aspect of Judge Perone's decision was only addressed in the March 28, 2006 award and, thus, it is this award that the Respondents want vacated.  The May 11, 2006 award was, to a certain extent, in their favor.  Thus, it appears as though the Respondents are attempting to make a tolling argument.  Because there is no recognized tolling exception to the three month time limit under the FAA, their effort is unavailing.

> court must grant such an order unless the award is
> vacated, modified, or corrected as prescribed in
> sections 10 and 11 of this title.

9 U.S.C. § 9.  Sections 10 and 11 of the FAA govern when a
district court can vacate, modify, or correct an arbitration
award.  Here, there has been no prior action taken by any
district court on the arbitrator's March 28, 2006 award;
therefore, under the terms of § 9, the award should be confirmed.
*See Melun Indus., Inc. v. Strange*, 898 F.Supp. 995, 1002
(S.D.N.Y. 1992).  In its petition to confirm, however, Waveform
seeks confirmation of the March 28, 2006 award, but fails to
apprise the Court of the arbitrator's subsequent modification of
the award.  The Respondents inform the Court that the award was
modified by the arbitrator on May 11, 2006.  Thus, the issue
becomes whether the arbitrator's modification of the award was
proper.  If so, then this Court should only confirm the March 28,
2006 award as amended by the May 11, 2006 decision.

In response to Waveform's petition, the Respondents argue
that Waveform's attempt to have the March 28, 2006 award
confirmed without notifying the Court of the May 11, 2006 amended
award is improper.  They further argue that the arbitrator's
"amended decision qualifies under 9 U.S.C. § 11(a)[,] which
allows for modification of an award, '[w]here there was an
evident material miscalculation of figures or an evident material
mistake in the description of any person, thing, or property

16

referred to in the award.'" Respondents' Memo. of Law at 8
(quoting 9 U.S.C. § 11). Waveform, in response, maintains that
Judge Perone's recalculation of the damages "is not the type of
mathematical error that is subject to a rehearing under the FAA,
or NAM rules, or subject to a modification under the FAA, 9
U.S.C. § 11." Waveform's Memo. of Law at 7. It contends that
the error did not appear on the face of the award and required
the arbitrator to reevaluate testimony and documentary evidence
and make substantive changes to the award based on his
reevaluation and additional research. *See id*. at 7-8.

"[A]bsent an agreement by the parties to the contrary, once
arbitrators have finally decided the submitted issues, they are,
in common-law parlance, *functus officio*, meaning that their
authority over those questions is ended." *Hyle v. Doctor's
Assocs., Inc.*, 198 F.3d 368, 372 (2d Cir. 1999)(internal
quotation marks and citations omitted). There are, however,
exceptions to the *functus officio* doctrine. These exceptions
were explained by this Court as follows:

> (1) [A]n arbitrator "can correct a mistake which is
> apparent on the face of his award," (2) "where the
> award does not adjudicate an issue which has been
> submitted, then as to such issue the arbitrator has
> not exhausted his function and it remains open to
> him for subsequent determination," and (3) "[w]here
> the award, although seemingly complete, leaves doubt
> whether the submission has been fully executed, an
> ambiguity arises which the arbitrator is entitled to
> clarify."

*Play Star, S.A. De C.V. v. Haschel Export Corp.*, No. 02 Civ.

17

7364, 2003 WL 1961625, at *3, n.5 (S.D.N.Y. Apr. 28, 2003)

(quoting *Colonial Penn Ins. Co. v. Omaha Indemnity Co.*, 943 F.2d

327, 332 (3rd Cir. 1991)).

The NAM Rules of Procedure, to which the parties agreed,
state that "[n]o application shall be made to NAM or the Hearing
Officer, absent all parties consent, for reconsideration or
review of an arbitration award, except with regard to
mathematical errors."  Waveform Pet. at Ex. D.  Thus, under these
rules, a party may seek reconsideration of the award from the
arbitrator without his adversary's consent, but only if he merely
seeks correction of a mathematical error.  Here, the arbitrator's
modification of the award will be deemed proper if it falls
within one of the three exceptions to the *functus officio*
doctrine or if it merely corrected a mathematical error within
the meaning of the NAM Rules.

In *Clarendon Nat'l Ins. Co. v. TIG Reinsurance Co.*, 183
F.R.D. 112 (S.D.N.Y. 1998), this Court was confronted with issues
concerning the *functus officio* doctrine and damages
miscalculations that are relevant to those presented in this
case.  In *Clarendon*, the petitioner, Clarendon, had challenged
the amount of damages awarded by the arbitrators on the ground
that the amount was based on a mistaken calculation submitted to
the arbitrators by TIG.  *See id.* at 114.  During the arbitration
hearing, it was discovered that TIG's payment on a certain

18

contract had been overstated by $363,000. *See id.* The
correction was explained to the arbitrators; however, they did
not explicitly take the $363,000 into account in reaching its
ruling. *See id.* The district court confirmed this part of the
award, but remanded the matter to the arbitrators for
reconsideration of two other issues. *See id.* On remand, the
arbitrators considered, not only the two remanded issues, but
also the issue concerning the error in the damages amount. *See
id.* The arbitrators acknowledged "an arithmetic error in the
award" and issued a partial award, reducing the amount of damages
by $363,000. *See id.*

Clarendon subsequently petitioned this Court for
confirmation of the partial award and for relief from the Court's
previous judgment confirming the original award and TIG sought to
have the partial award vacated. *See id.* The Court considered
whether the arbitrators' amendment to the award fit within the
exceptions to the *functus officio* doctrine. *See id.* at 115-16.
Although the arbitrators' mistake in calculating the damages did
not fit precisely within the first exception to the *functus
officio* doctrine, the Court held:

> In this case, the exemption to the *functus officio*
> doctrine must be stretched beyond the mistake
> category, since although there was an obvious
> mathematical error that they intended to take into
> account but failed to do so in their original award,
> as the procedural history demonstrates, the error was
> not obvious on the face of the award.

*Id.* at 116.  The Court reasoned that, "because the clarification did not modify the effect of the award but only interpreted the arbitrators' intent, the *functus officio* doctrine did not bar the arbitrators' clarification of the original award after its issuance."  *Id.*  The Court also was careful to note the circumstances present in the case which justified its holding – the arbitrators acknowledged the mathematical mistake and the parties did not dispute that there was an error.  *See id.* at 117.

Similarly, here, upon reconsideration, the arbitrator acknowledged that he had made an error in calculating the damages and indicated that he had intended for two $72,000 salaries to be credited to the preexisting expenses of Waveform, not one.  *See* Respondents' Aff. at Ex. 6 ("This arbitrator finds that there was indeed a $72,000 mathematical error in the final tabulation of the damages awarded to the Claimant.").  Moreover, Waveform does not appear to dispute that the failure to include the $72,000 salary of John Masters was in error.  In its letter to the arbitrator opposing the Respondents' request for reconsideration, Waveform did not argue that Masters' salary was properly omitted as a preexisting expense; rather, it argued that, without the consent of both parties, the award cannot be modified.  Waveform makes similar arguments to this Court and, again, does not address whether the arbitrator's original damages calculation was, in fact, in error.  Instead, it makes the broad argument

that Judge Perone's decision as to the amount of preexisting expenses "reflected [his] determination of a contested issue before him." Waveform's Reply Memo. of Law at 8. This overstates the extent of Judge Perone's modification. While the overall issue of consequential damages was contested, as it is in many contract disputes, the modification made by Judge Perone did not modify "the spirit and basic effect of the award." *Clarendon*, 183 F.R.D. at 116. It simply modified the award to make it consistent with the arbitrator's intent, but maintained the underlying resolution of the dispute, which was to award Waveform consequential damages for the Respondents' breach of the contract, offset by Waveform's preexisting expenses.

Accordingly, because the original award was properly modified in part by the arbitrator, this Court cannot confirm the first decision in full. I, therefore, recommend that your Honor grant both of Waveform's petitions in part and confirm the March 28, 2006 award as amended by Judge Perone's May 11, 2006 decision.[3]

**V.      Judgment Against Sitour**

The Respondents argue that, if this Court confirms the March

---

[3]   The Respondents' argument that the arbitrator manifestly disregarded the law in deciding to pierce the corporate veil is made in support of its request to vacate the March 28, 2006 award, which, as explained above, is time-barred. Thus, this Court cannot consider this argument in making its decision concerning confirmation of the March 28, 2006 award.

28, 2006 award, there should be no entry of judgment against Sitour because "the arbitrator expressly made Sitour's liability contingent on RRN's inability to pay the award." Respondents' Memo. of Law at 8. A review of the arbitrator's decision reveals that this is not the case. Upon finding that RRN was an alter ego of Sitour, the arbitrator held that Sitour could be found directly liable for Waveform's damages. Nowhere did he state that Sitour's liability was "contingent" on RRN's inability to pay. Rather, he simply directed that RRN must first attempt to satisfy the award and, if it could not, then Sitour must pay the damages. This is consistent with his finding that the Respondents were jointly and severally liable. NAM Rule 14, to which the Respondents agreed, provided, in pertinent part, "With regard to the issue of joint and several liability, the arbitration award shall be binding upon all parties appearing and/or consenting to be bound by the findings of the Hearing Officer(s)." The Respondents' attempt to avoid this result should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that your Honor: (1) DENY the cross-petition of RRN and Sitour to vacate the March 28, 2006 arbitration award; (2) GRANT, in part, Waveform's petitions to confirm the March 28, 2006 award; and (3) confirm the award as amended by the arbitrator's May 11, 2006

decision and enter judgment accordingly.

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ .P., the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (*see* Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Colleen McMahon, at the United States Courthouse, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge McMahon.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), cert. denied 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15,16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).  Requests for extensions of time to file objections must be made to Judge

McMahon and should not be made to the undersigned.

Date: February 5, 2007
White Plains, New York


Respectfully submitted,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing report and recommendation have been sent via ECF to the following:

The Honorable Colleen McMahon, U.S.D.J.

John J. Loveless, Esq.
Huff Wilkes, LLP
200 White Plains Road, Suite 510
Tarrytown, New York 10591

Dana D. Blackmon, Esq.
Rusk, Wadlin, Heppner & Martuscelli, LLP
255 Fair Street
P.O. Box 3356
Kingston, New York 12402

24